UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY GAINES                                              CIVIL ACTION

v.                                                       NO. 07-9192

WAL-MART STORES, INC.                                    SECTION "F"


ORDER AND REASONS

Before the Court is Wal-Mart's motion for summary judgment. For the reasons that follow, the defendant's motion is GRANTED.

Background

While pushing her shopping cart past the produce section of Wal-Mart on Tchoupitoulas Street on September 23, 2007, Mary Gaines slipped on a grape and fell, injuring her left leg.[1]

Ms. Gaines sued Wal-Mart in state court for negligence. On November 29, 2007, Wal-Mart removed the suit to this Court, invoking the Court's diversity jurisdiction. Ms. Gaines asserts that Wal-Mart had actual or constructive notice and that its faulty "packaging, transfer, display, and sale of produce" contributed to the hazardous condition...the grape. Ms. Gaines admitted in her deposition that she did not know how long the grape was on the floor before she fell, or if a Wal-Mart employee either caused or

---

[1] Ms. Gaines asserts that she injured all the bones and muscles in her body, nerves, tissues and blood vessels, and fractured her tibia.

1

was aware of the fact that the grape was on the floor before she slipped.

Wal-Mart now seeks summary relief on the ground that Ms. Gaines has produced no evidence establishing the defendant's liability under Louisiana law.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II. Plaintiff's Burden on Merchant Liability

La.R.S. 9:2800.6 establishes the plaintiff's burden of proof in slip-and-fall claims against merchants:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> C. Definitions
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> ...

(emphasis added).

The Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall. See <u>White v. Wal-Mart Stores, Inc.</u>, 699 So.2d 1081 (La. 1997); see also <u>Courville v. Target Corporation of Minnesota</u>, 232 Fed.Appx. 389, 2007 WL 1170859, at *2 (5th Cir. April 17, 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See <u>White</u>, 699 So.2d at 1084. "Though the time period need not be specific in minutes or hours," the

4

Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element. Id. at 1084-85. This temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard, the grape -- is a question of fact, proof of which is a burden plaintiffs must bear. Id. at 1084. The plaintiff must make a "positive showing" of the existence of the condition for some period of time prior to the fall. See Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

### III.

The dispute here is whether Ms. Gaines has raised a fact issue regarding whether the grape on the store floor existed for a period of time sufficient to implicate constructive notice. Invoking the statutory definition of constructive notice, Wal-Mart points out the lack of factual support for this essential element of the plaintiff's case, insisting that the plaintiff cannot prove that the condition existed for such a period of time that it would have been discovered if Wal-Mart had exercised reasonable care. La.R.S. 9:2800.6C(1). The Court agrees. The plaintiff has not done so. The plaintiff has not satisfied the constructive notice requirement of the statute by showing that the grape was on the floor for some period of time prior to the alleged fall. See Babin v. Winn-Dixie

5

Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

The plaintiff insists that the photographs, taken after Ms. Gaines herself had stepped and slipped on the grape, show that the grape was in several pieces. But the unauthenticated photographs merely purport to show the presence of a crushed grape. "Simply demonstrating the existence of the hazard [Louisiana law demands] does not satisfy the burden." Cf. Courville, 2007 WL 1170859, at *2 (citing White, 699 So.2d at 1084). From the photographs alone, the plaintiff wishfully speculates that the grape was on the floor long enough to have been stepped on and rolled over by other customers' grocery carts.[2] "Such speculation", the state high court instructs, "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." Babin, 764 So.2d at 40.

The plaintiff also seeks the shield of a fact issue by urging that Wal-Mart had actual notice, or caused the dangerous condition itself; specifically, the plaintiff criticizes the packaging of the grapes in arrogated zip lock backs with many holes 3/8 inches in

---

[2] In Kennedy v. Wal-Mart Stores, Inc., the Louisiana Supreme Court reversed the trial court's determination that the plaintiff had shown that the defendant had constructive knowledge of a spill, even where the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening of the accident. 733 So.2d 1188, 1191 (La. 1999). The court reasoned "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident" and therefore failed to carry his burden. Id.

diameter. This is hazardous packaging, suggests plaintiff, because "any grape 3/8 inches in diameter can fall out of the bag." Again the plaintiff resorts to prayerful speculation. This record offers her no support that comports with the clear mandates of state law.

In advancing her arguments, the plaintiff effectively asks the Court to shift the burden to Wal-Mart to prove that it acted reasonably. This Court stresses, as the Louisiana Supreme Court has pointed out in <u>White</u>, however, "the statute provides for no such shift." <u>White</u>, 699 So.2d at 1085. The Louisiana Supreme Court takes a very frank merchant-protective view:

> The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving in the negative, the statute simply does not provide for a shifting of the burden.

<u>Id.</u> at 1084.

Although Wal-Mart has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The plaintiff claims that she fell after stepping on a grape while passing through the produce section. It seems undisputed that a crushed grape was on the floor *after* Ms. Gaines fell. But there is no evidence in support of the constructive

notice element of her claim, as required by La.R.S. 9:2800.6B(2); no circumstantial evidence has been presented which would enable the Court to even infer that the grape had been there for some time *before* the plaintiff fell.³ Because the plaintiff is not able to establish an essential element of her claim as required by Louisiana, Wal-Mart is entitled to judgment as a matter of law.⁴ The local law of merchant-liability demands more for plaintiff to be able to withstand a claim for summary relief.

---

³ Although White was decided after a trial on the merits, like in White, the plaintiff here has "presented no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence." White, 699 So.2d at 1086. The plaintiff suggests that she can prove that the defendant caused, or knew about, the existence of the grape on the floor; however, she fails to raise any disputed issues of material fact as to the actual or constructive notice element of her claim. Nothing but ineffectual speculation. This Court is bound by what it interprets as the patently protective character of Louisiana's current merchant liability statute and decisions of the state's high court.

⁴ Finally, the plaintiff seeks to avoid dismissal, notwithstanding the absence of a positive showing that the store had constructive notice of the grape on the floor, by insisting that summary judgment is premature because there is still some outstanding discovery and corporate depositions have yet to be taken. However, Rule 56(f) continuances are not granted unless the nonmoving party shows how the additional discovery will defeat the summary judgment motion. Moreover, the proper way of requesting additional time for discovery pursuant to Rule 56(f) is showing by affidavit why facts cannot be presented to defeat the summary judgment motion. See Fed.R.Civ.P. 56(f). Furthermore, the plaintiff has failed to show, beyond vague assertions, how the additional discovery will create a genuine dispute as to a material fact.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED.

New Orleans, Louisiana, February 18, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE